UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ST. JULIAN BARANCO (#543093)                              CIVIL ACTION

VERSUS

OFFICER CURTIS WILSON, ET AL.                             NO. 18-0785-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2018.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ST. JULIAN BARANCO (#543093)　　　　　　　　　　CIVIL ACTION

VERSUS

OFFICER CURTIS WILSON, ET AL.　　　　　　　　　NO. 18-0785-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Petitioner, an inmate confined at the Caldwell Correctional Center, Grayson, Louisiana, brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging his conviction and three-year sentence of confinement entered in 2017 in the 19th Judicial District Court for the Parish of East Baton Rouge on a charge of aggravated flight from an officer. Petitioner asserts that his guilty plea to the above charge was deficient and that the factual basis therefore, as reflected in his *Boykin* examination, was erroneous. He asserts that this has resulted in a violation of his constitutional rights and he prays that his conviction be invalidated.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Rose v. Lundy*, supra, 455 U.S. at 522 (1982)*; Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980). One of the threshold requirements for a federal habeas corpus application under § 2254 is that, subject to

certain limited exceptions not applicable here, a petitioner must have first exhausted in state court all of his claims before presenting them for review before the federal district court.

Without reaching the merits of Petitioner's claims, it is clear from a review of his application, as amended, that he has not exhausted state court remedies relative to the claims asserted in this proceeding.[1]  Specifically, Petitioner fails to assert that he has proceeded with a review of his claims before any state court, much less the Louisiana Supreme Court.  To the contrary, he explicitly concedes that he did not pursue a direct appeal of his conviction and sentence, and he acknowledges that he has not filed any post-conviction relief applications in the state courts.  *See* Rec. Doc. 6 at pp. 2-3.[2]  Thus, it does not appear that Petitioner has pursued his claims before the courts of the State of Louisiana, through and including the Louisiana Supreme Court, and as a result, his application before this Court is subject to dismissal for this reason.[3]

---

[1] A district court may raise, *sua sponte*, the issue of a petitioner's failure to exhaust state court remedies, provided that notice and an opportunity to respond is afforded to the petitioner.  *See Kurtzemann v. Quarterman*, 306 Fed. Appx. 205, 206 (5th Cir. 2009), *citing Day v. McDonough*, 547 U.S. 198, 209-10 (2006).   The Court hereby advises Petitioner that this Report constitutes notice that this Court is *sua sponte* raising the issue of exhaustion.  The Court further advises Petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from service of this Report to file written objections to the proposed findings of fact and conclusions of law herein, and that he may submit any evidence or argument he may have concerning the exhaustion issue in connection with such written objections.

[2] Pursuant to correspondence filed in the record (R. Doc. 5), Petitioner has requested assistance from this Court in the form of advice or "direction to help [him] refile [his] state law claims." Petitioner is advised, however, that this Court is not authorized to provide legal assistance to the litigants before it, and Petitioner is advised to seek assistance from the legal programs department at his place of incarceration.

[3] Petitioner has filed a Motion for Appointment of Counsel herein (R. Doc. 3).  However, under Rule 8(c) of the Rules Governing § 2254 Cases, the appointment of counsel for a petitioner who is financially eligible for appointment of counsel under 18 U.S.C. § 3006A is mandatory in a federal habeas case only when the Court orders an evidentiary hearing.  *See, e.g., Martinez v. Scott,* 79 F.3d 1144 (5th Cir. 1996); *Lamb v. Estelle*, 667 F.2d 492, 497 (5th Cir. 1982).   Rule 8(c) further provides that the Court may appoint counsel under 18 U.S.C. § 3006A at any other stage of the proceedings "if the interest of justice so requires," such that the appointment of counsel otherwise lies within the discretion of the district court.   In the instant case, inasmuch as the Court recommends dismissal of this proceeding for failure to exhaust state court remedies, there is no perceived reason why counsel should be appointed at this juncture.

Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that Petitioner's claims be dismissed, without prejudice, for failure to exhaust state court remedies. It is further recommended that in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 16, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**